1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   AHMED SAEED,                            No.  2:23-cv-00087-MCE-DB

12                Plaintiff,

13        v.                                 **ORDER**

14   CITY OF FAIRFIELD, CALIFORNIA
     POLICE DEPARTMENT, et al.,
15
                 Defendants.
16

17        Presently before the Court is Plaintiff Ahmed Saeed's ("Plaintiff") Motion for

18   Temporary Restraining Order ("TRO"), which seeks to enjoin Defendants from enforcing

19   two recommendations that Plaintiff's business license for his store Smoke Shop N' More

20   ("SNM") be revoked, and to reinstate said business license following a Notice of

21   Revocation issued on September 9, 2022.  See ECF No. 8 ("Pl.'s Mot.").  For the

22   following reasons, Plaintiff's Motion is DENIED.

23        The purpose of a temporary restraining order is to preserve the status quo

24   pending the complete briefing and thorough consideration contemplated by full

25   proceedings pursuant to a preliminary injunction.  See Granny Goose Foods, Inc. v.

26   Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.,

27   415 U.S. 423, 438–39 (1974) (temporary restraining orders "should be restricted to

28   serving their underlying purpose of preserving the status quo and preventing irreparable

                                            1

1    harm just so long as is necessary to hold a hearing, and no longer"); <u>see</u> <u>also</u> <u>Reno Air</u>

2    <u>Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006); <u>Dunn v. Cate</u>, No.

3    CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. Apr. 19, 2010).

4         Issuance of a temporary restraining order, as a form of preliminary injunctive

5    relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of

6    such a remedy.  <u>See</u> <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997).  In general, the

7    showing required for a temporary restraining order and a preliminary injunction are the

8    same.  <u>See</u> <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832,

9    839 n.7 (9th Cir. 2001).

10        A plaintiff seeking a preliminary injunction must establish that he is (1) "likely to

11   succeed on the merits;" (2) "likely to suffer irreparable harm in the absence of preliminary

12   relief;" (3) "the balance of equities tips in his favor;" and (4) "an injunction is in the public

13   interest."  <u>Winter v. Nat'l Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).  "If a plaintiff fails

14   to meet its burden on any of the four requirements for injunctive relief, its request must

15   be denied."  <u>Sierra Forest Legacy v. Rey</u>, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010)

16   (citing <u>Winter</u>, 555 U.S. at 22).  "In each case, courts 'must balance the competing

17   claims of injury and must consider the effect on each party of the granting or withholding

18   of the requested relief.'"  <u>Winter</u>, 555 U.S. at 24 (quoting <u>Amoco Prod. Co. v. Vill. of</u>

19   <u>Gambell, Alaska</u>, 480 U.S. 531, 542 (1987)).  A district court should enter a preliminary

20   injunction only "upon a clear showing that the plaintiff is entitled to such relief."  <u>Winter</u>,

21   555 U.S. at 22 (citing <u>Mazurek</u>, 520 U.S. at 972).

22        Alternatively, under the so-called sliding scale approach, as long as the plaintiff

23   demonstrates the requisite likelihood of irreparable harm and shows that an injunction is

24   in the public interest, a preliminary injunction can still issue so long as serious questions

25   going to the merits are raised and the balance of hardships tips sharply in the plaintiffs'

26   favor.  <u>All. for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134–35 (9th Cir. 2011)

27   (concluding that the "serious questions" version of the sliding scale test for preliminary

28   injunctions remains viable after <u>Winter</u>).

1    Plaintiff is before this Court seeking a TRO—an order that by definition is intended

2    to preserve the status quo.  The status quo, however, is that Plaintiff lost his business

3    license for SNM on September 9, 2022.[1]  See ECF No. 8-6, at 1–4 (Notice of Revocation

4    issued by the City Manager's Office for Defendant City of Fairfield).  What Plaintiff really

5    seeks is an affirmative injunction directing that Defendants reinstate his business

6    license.  That relief on the current posture would be inappropriate for a number of

7    reasons.

8    First, Plaintiff is seeking extraordinary mandatory injunctive relief on a truncated

9    TRO timeframe.  Plaintiff received the Notice of Revocation on September 9, 2022, but

10   waited over three months to appeal the revocation to Defendant City of Fairfield on

11   December 28, 2022.[2]  See Kline Decl., ECF No. 8-3 ¶ 10.  Furthermore, Plaintiff did not

12   involve this Court until he filed his Complaint on January 15, 2023, and the present TRO

13   two days later on January 17, 2023.  For purposes of a TRO, Plaintiff has a burden of

14   establishing not only irreparable injury but also a showing that said injury is imminent in

15   nature.  Caribbean Marine, 844 F.2d at 674.  The months-long delays in seeking relief

16   from either Defendants or this Court compel the conclusion that Plaintiff has not made

17   that showing.

18   ///

19

20   [1] It is unclear from the pleadings whether Plaintiff's business license was revoked or whether
Defendants are threatening to revoke it.  Compare, e.g., ECF No. 8-6, at 1–4 (Notice of Revocation issued
21   September 9, 2022), with Saeed Decl., ECF No. 8-2 ¶ 12 (stating that Plaintiff is "facing financial
catastrophe if [his] license is terminated on" the day the TRO was filed).  If Plaintiff's position is the latter, it
22   is well-settled that speculative injury does not constitute irreparable harm.  See Caribbean Marine Serv.
Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  Either way, the Court's reasoning in denying the
23   present Motion remains the same.  Given that Plaintiff is the one moving for such an extraordinary remedy,
it is his responsibility to adequately and explicitly state the exact relief he seeks and failing to do so will
24   weigh against a finding of injunctive relief.

25   [2] According to the Notice of Revocation, Plaintiff "may appeal this revocation to the City Council by
filing a notice of appeal with the City of Fairfield within fifteen days of the date of this letter . . . describ[ing]
26   the reason why the decision of the City of Fairfield should be reversed or modified."  ECF No. 8-6, at 4.
When an appeal is filed, the city council "shall fix a time and place for hearing such appeal and the City of
Fairfield shall give notice in writing to [Plaintiff] of the time and place of the hearing."  Id.  Plaintiff has not
27   provided any evidence or indication that the city council denied his appeal or that a hearing has taken
place.  The Court finds it would be premature to issue the requested injunctive relief in this case before the
28   conclusion of the appeal process set forth in the Notice of Revocation.

1    Second, the Court does not find that Plaintiff has demonstrated irreparable harm.

2  Plaintiff alleges that he has incurred over $85,000 in attorneys' fees and costs, has lost

3  $488 per day in revenue, and has suffered reputational harm.  See Pl.'s Mot., at 5–7;

4  Saeed Decl., ECF No. 8-2 ¶¶ 5, 7, 9–10, 12.  However, Plaintiff provides no reason why

5  a legal remedy, namely monetary damages, would be inadequate to compensate him for

6  these alleged injuries especially since they are examples of harm where monetary

7  remedies are generally found to be appropriate.  Ultimately, Plaintiff has not alleged any

8  specialized injury or irreparable harm that would warrant the emergency mandatory

9  injunctive relief he seeks.

10    Given all of the foregoing, it would be wholly inappropriate for the Court to grant

11  Plaintiff the extraordinary relief requested.  This Court will not grant injunctive relief when

12  there are legal or monetary remedies available to Plaintiff.  Accordingly, Plaintiff's Motion

13  for TRO, ECF No. 8, is DENIED without prejudice.

14    IT IS SO ORDERED.

15

16  DATED:  January 18, 2023

17  _____

18  MORRISON C. ENGLAND, JR.
    SENIOR UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28