UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED SAEED,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FAIRFIELD POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:23-cv-00087-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Ahmed Saeed's ("Plaintiff") Ex Parte Motion for a Temporary Restraining Order ("TRO"). (ECF No. 11.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's business license for his store was revoked on September 9, 2022. (ECF No. 1 at ¶ 44; ECF No. 8-6 at 1–5 (notice of revocation letter); ECF No. 11-2 at 8 (indicating Plaintiff received a letter dated September 9, 2022, revoking his business license).) Based on the notice of revocation, Plaintiff had 15 days to appeal. (ECF No. 8-6 at 4.) Plaintiff appealed the revocation to the City of Fairfield over three months later, in December 2022. (ECF No. 1 at ¶ 16; ECF No. 11-2 at 19 (requesting reinstatement of the business license); ECF No. 21 (notice of appeal).)

Plaintiff filed this action on January 15, 2023, alleging the following claims: (1) a 42 U.S.C. § 1983 claim for violation of his First, Fifth, and Fourteenth Amendment rights; (2) promissory estoppel; (3) injunctive and declaratory relief pursuant to California Code of Civil Procedure § 526(a); (4) writ of mandamus pursuant to California Code of Civil Procedure § 1094.5; and (5) civil conspiracy. (ECF No. 1.) Plaintiff filed the instant motion for TRO on January 23, 2023, seeking, among other things, an order "staying the revocation of [his] business license so he can continue to operate his store." (ECF No. 11-1 at 3.)

## II. STANDARD OF LAW

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. E.D. Cal. L.R. 231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-00227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The

1    purpose of a preliminary injunction is merely to preserve the relative positions of the parties until
2    a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see*
3    *also Costa Mesa City Emp.'s Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012)
4    ("The purpose of such an order is to preserve the status quo until a final determination following a
5    trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199,
6    1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the
7    filing of a lawsuit, but instead to the last uncontested status which preceded the pending
8    controversy.") (internal quotation marks omitted).  In cases where the movant seeks to alter the
9    status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply.  *Schrier*
10   *v. Univ. of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005).  A preliminary injunction is not
11   automatically denied simply because the movant seeks to alter the status quo, but instead the
12   movant must meet heightened scrutiny.  *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d
13   27, 33–34 (2d Cir. 1995).
14        "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed
15   on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief,
16   [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."
17   *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test
18   to obtain a preliminary injunction.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th
19   Cir. 2011).  In evaluating a plaintiff's motion for preliminary injunction, a district court may
20   weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A
21   stronger showing on the balance of the hardships may support issuing a preliminary injunction
22   even where the plaintiff shows that there are "serious questions on the merits . . . so long as the
23   plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the
24   public interest."  *Id.*  Simply put, the plaintiff must demonstrate, "that [if] serious questions going
25   to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's
26   favor," in order to succeed in a request for preliminary injunction.  *Id.* at 1134–35.
27   ///
28   ///

### III. ANALYSIS

This is the third motion for TRO Plaintiff has filed within the span of one week. On January 17, 2023, Judge Morrison C. England, Jr., denied Plaintiff's first motion for TRO due to procedural filing defects. (ECF No. 7.) On January 18, 2023, Judge England denied Plaintiff's second motion for TRO for two independent reasons: (1) Plaintiff failed to establish imminent harm because of his months-long delay in filing a motion for TRO after his business license was revoked in September 2022; and (2) Plaintiff failed to show irreparable harm because he did not demonstrate monetary damages would be inadequate to compensate him for his injuries. (ECF No. 9 at 3–4.)

Plaintiff's renewed motion for TRO lacks clarity, is largely identical to his previous motions, and fails to resolve the deficiencies identified by Judge England. First, Plaintiff again fails to adequately explain why he waited over four months from the revocation of his business license to seek emergency relief with this Court.[1] In fact, Plaintiff complains of conduct leading up to the revocation that occurred as early as 2019. (ECF No. 11-1 at 4.) Plaintiff's delay in seeking relief warrants outright denial of his motion for TRO. *See* E.D. Cal. L.R. 231(b) (In considering a motion for TRO, the Court "will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief" and may deny the motion if "the applicant unduly delayed in seeking injunctive relief.").

Second, as in his prior motion, Plaintiff fails to demonstrate irreparable harm in the absence of injunctive relief. Plaintiff alleges he has incurred over $85,000 in attorneys' fees and costs, has lost $488 per day in revenue, and has suffered reputational harm. (ECF No. 11-1 at 7–8.) Plaintiff adds that if his store is not open for business, he will likely default on his monthly lease payments of $4,500, which will negatively affect his personal credit, cause his lease to be terminated, cause him to lose his storefront, and harm his goodwill. (*Id.* at 8.) However,

---

[1] Although Plaintiff now seems to indicate the revocation became official in January 2023 (ECF No. 11-1 at 5), Plaintiff's allegations and other evidence suggests the revocation took place in September 2022 (ECF No. 1 at ¶ 44; ECF No. 11-2 at 8).

1    Plaintiff's argument is devoid of citations to evidence or legal authority and appears to complain
2    exclusively of economic injuries, which are insufficient to constitute irreparable harm. *See Rent-*
3    *A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)
4    ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can
5    be remedied by a damage award."). While loss of goodwill and reputation may constitute
6    irreparable harm, a plaintiff who attempts to establish irreparable harm via loss of business
7    reputation and goodwill must proffer evidence of that loss — a district court may not base a
8    finding of reputational harm on "platitudes rather than evidence." *Herb Reed Enterprises, LLC v.*
9    *Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013); *see also Mountain Mike's Pizza, LLC*
10   *v. SV Adventures, Inc.*, No. 2:21-CV-02387-TLN-AC, 2021 WL 6136178, at *4 (E.D. Cal. Dec.
11   29, 2021) (collecting cases).

12           There are several other issues with Plaintiff's TRO. For example, Plaintiff does not
13   address Judge England's concern that Plaintiff is not seeking to preserve the status quo — which
14   is the purpose of a TRO — as his business license has already been revoked. Rather, Plaintiff
15   appears to be seeking a mandatory injunction directing Defendants to reinstate his business
16   license, which triggers a heightened standard. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma*
17   *GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) ("In general, mandatory injunctions are not
18   granted unless extreme or very serious damage will result and are not issued in doubtful cases or
19   where the injury complained of is capable of compensation in damages.") (citation and internal
20   quotation marks omitted).

21           Ultimately, since the Court concludes Plaintiff has not made the required showing of
22   imminent and irreparable harm, the Court declines to address the remaining *Winter* factors or
23   further issues with the TRO. *See MD Helicopters, Inc. v. Aerometals, Inc.*, No. 2:16-cv-02249-
24   TLN-AC, 2018 WL 489102, at *2 (E.D. Cal. Jan. 19, 2018). Based on these continual defects in
25   now three motions for a TRO, the Court strongly cautions Plaintiff against filing a fourth TRO
26   that fails to remedy the deficiencies addressed in this Order.
27   ///
28   ///

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Ex Parte Motion for a Temporary Restraining Order.  (ECF No. 11.)

IT IS SO ORDERED.

**DATE:  January 24, 2023**

Troy L. Nunley
United States District Judge